UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RODERICK TROTTIE | CIVIL ACTION 11-0688 |
| VERSUS | U.S. DISTRICT JUDGE DRELL |
| SAM'S EAST INC. | U.S. MAGISTRATE JUDGE KIRK |

REPORT AND RECOMMENDATION

This is an employment discrimination suit filed by plaintiff, pro se. Defendant, Sam's East, Inc. (Sam's Club) has filed a motion to dismiss, **doc. #9**, under FRCP 12(b)(6) arguing that plaintiff has failed to state a claim of discrimination based on race or religion. The case has been referred to me by the District Judge for Report and Recommendation.

Plaintiff describes himself as a "47 year old black man" who complains that his black manager at Sam's Club asked him to "lie, cheat, mislead or deceive" people in order to increase early membership renewals or to upgrade their accounts.[1] He says that the manager, Janice Davis, told him on more than one occasion that upper management wanted him to increase his renewals and upgrades and to "mislead customers and omit key information about the account". Such behavior would violate his religious beliefs, he alleges. In addition, Trottie, asserts that when he complained, he was only allowed to talk to black supervisors and not to a white supervisor.

Plaintiff sued under Title VII and his claim was denied by the EEOC.

---

[1] Sam's Club generally invites only those persons who have paid membership dues to shop in its stores and offers more than one level of membership.

Law and Analysis

In considering a motion to dismiss, the court must assume the truth of factual allegations of the complaint and liberally construe them in favor of the plaintiff. A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). While a complaint sought to be dismissed under FRCP 12(b)(6) does not need detailed factual allegations, a plaintiff must provide more than conclusions or speculation. A formulaic recitation of the elements of a cause of action will not suffice. In other words, plaintiff must make a showing rather than a blanket assertion of entitlement to relief. Bell Atlantic Corp. v. Twombly, 127 S.Ct.1955 (2007). This court has long held that a Rule 12(b)(6) motion may be granted as to portions of a complaint. Drewett v. Aetna Cas. & Sur. Co., 405 F.Supp. 877 (W.D. La. 1975). In accord, *see* Decker v. Massey-Ferguson, Ltd., 681 F.2d 111 (2nd Cir. 1982); Elliott v. State Farm Mut. Auto Ins. Co., 786 F.Supp. 487 (E.D.Pa. 1992). A well pleaded complaint may proceed even if it appears that actual proof of the facts set forth is improbable. Once a claim has been stated adequately, it may be supported by proof of any set of facts consistent with the allegations in the complaint. Bell, supra.

Title VII prohibits an employer from discriminating against an employee with respect to "compensation, terms, conditions or privileges of employment" because of race or religion, among other things. 42 U.S.C. 2000e-2 (a)(1). Where there is no direct evidence of discrimination, the court applies the burden shifting test established by McDonnell Douglas v. Green, 411 U. S. 792 (1973). Under this test, if plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to articulate a legitimate, non-discriminatory

reason for the adverse action. If defendant satisfies the burden, the burden shifts back to plaintiff who must prove that "the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 143 (2000). Plaintiff can establish pretext either directly, by showing that a discriminatory reason motivated defendant, or indirectly, by showing that the reasons given for defendant's actions are simply not believable. Texas Dep't. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). In either respect, " the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Reeves, supra.

Plaintiff's claims

1) Race discrimination.

In order to make out a prima facie case of discrimination on the basis of race, plaintiff must prove 1) membership in a protected class, 2) that he was qualified for the position, 3) that the defendant made an adverse employment decision despite the plaintiff's qualifications, and 4) that the plaintiff was replaced with a person not a member of the protected class. Portis v. First National Bank, 34 F.3d 325, (5th Cir. 1994); McDonnell Douglas, supra.

Even assuming that the first two elements are met, plaintiff has not alleged that he suffered any adverse employment action–only that he was not able to speak to a white supervisor about his concerns. Only "ultimate employment decisions" such as hiring, granting leave, discharging, promoting, and compensation are actionable employment actions under Title VII. Pryor v. Wolfe, 196 Fed. Appx. 260, 262-3 (5th C. 2006).

Being directed to a black supervisor rather than to a white supervisor in order to voice his

complaint falls far short of an adverse employment action. This claim should be dismissed.

2) Religious discrimination.

In order for a plaintiff to establish a claim of religious discrimination under Title VII, an employee must allege that (1) he had a bona fide religious belief that conflicted with an employment requirement, (2) that the employer was informed of the belief, and (3) the employee was discharged or disciplined for failing to comply with the conflicting employment requirement. Weber v. Roadway Express, Inc. ,199 F.3d 270, 273 (5th C. 2000).

While plaintiff believes what he was asked to say to customers is misleading, his claim again falls far short of stating a claim for religious discrimination. Plaintiff simply suffered no adverse employment action on account of his beliefs. Even the threat to "write him up" does not establish a claim. See Breaux v. City of Garland, 205 F.3d 150, 158 (5th C. 2000).[2]

For the foregoing reasons, IT IS RECOMMENDED that defendant's motion to dismiss, doc. #9, be GRANTED and plaintiff's claims be dismissed with prejudice.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

---

[2] In view of my conclusion, the question whether plaintiff's moral beliefs are the kind of beliefs grounded upon a theological basis that may form the basis for a religious discrimination claim need not be addressed. See Edwards v. School Board, 483 F.Supp 620 (D.C . Va. 1980).

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 11th day of July, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE